UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------- X
KATHERINE YOST,

               Plaintiff,

   -against-

EVERYREALM INC., COMPOUND ASSET MANAGEMENT LLC, REALM METAVERSE REAL ESTATE INC., REPUBLIC, REPUBLIC CRYPTO LLC, REPUBLIC REALM MANAGER LLC, REPUBLIC REALM INC., REPUBLIC OPERATIONS LLC, OPENDEAL INC., OPENDEAL PORTAL LLC, JANINE YORIO in her individual and professional capacities, WILLIAM KERR in his individual and professional capacities, and ZACH HUNGATE in his individual and professional capacities.

               Defendants.
----------------------------------- X

Case No. 1:22-cv-06549(PAE)(SLC)

**DECLARATION OF LLOYD B. CHINN**

I, LLOYD B. CHINN, pursuant to 28 U.S.C. § 1746, affirm as follows:

1. I am a Partner with Proskauer Rose, LLP, attorneys for Defendants Everyrealm Inc. (f/k/a Republic Realm Inc.), Janine Yorio, William Kerr, and Zach Hungate (collectively "the Everyrealm Defendants"). I am fully familiar with the facts and circumstances recited herein.

2. I submit this Declaration in support of the Everyrealm Defendants' Motion to Compel Arbitration and request for an Order to Show Cause ("OTSC") in this case.

3. As described below, the Everyrealm Defendants' Motion to Compel Arbitration should be granted, and an OTSC as to why arbitration should not be compelled will diminish the

1

significant prejudice faced by Everyrealm, while simultaneously reducing the unnecessary burden on the judiciary.

4. Plaintiff's counsel made it clear that negative publicity was the desired goal of a public filing.

5. On July 22, 2022, I transmitted a letter to Plaintiff's Counsel, attaching Plaintiff's Employment Agreement and reminding both her and her counsel that Plaintiff was bound by the arbitration provision contained therein to bring any and all causes of action, to the extent permitted by law, in binding arbitration before the American Arbitration Association ("AAA").

6. A true and correct copy of my July 22, 2022 Letter and Plaintiff's attached Employment Agreement is attached hereto as Exhibit A.

7. On July 29, 2022, I transmitted a second letter to Plaintiff's Counsel, informing him both that Plaintiff was bound by an enforceable arbitration agreement, and that bringing the vast majority (if not all) of her claims before this Court was improper.

8. A true and correct copy of my July 29, 2022 Letter (redacted to remove personal information) is attached hereto as Exhibit B.

9. Less than one week later, on August 2, 2022, Plaintiff filed her Complaint in this Court. And, two days later, on August 4, she filed her Amended Complaint.

10. Moreover, Plaintiff's counsel initially ignored, and ultimately refused, Everyrealm's third-party investigator's request to interview Plaintiff regarding her claims of discrimination, harassment, and retaliation.

11. Everyrealm employed Plaintiff as the Director of Human Resources; therefore, she presumably understands the meaning and implications of an arbitration agreement, and has pleaded no reasonable or good faith arguments for invalidation.

12. Plaintiff's counsel filed a second action before this Court (*Teyo Johnson v. Everyrealm Inc.*, et al., Case No. 1:22-cv-06669), and has threatened to file more. Johnson, along with all of Everyrealm's present and prior employees subject to the same mandatory arbitration provision.

13. In light of Plaintiff, Johnson, and others' pending and forthcoming actions, by issuing an OTSC and expediting the decision as to arbitration in this Action, the Court will diminish substantial prejudice faced by Everyrealm, including, but not limited to, the time and expense associated with filing multiple Motions to Compel Arbitration, as well as the same burden necessitated by preparing reply briefs to Plaintiff, Johnson, and any other plaintiffs' inevitable responses. An OTSC will also reduce the negative publicity associated with public filings made contrary to mandatory arbitration provisions. Finally, an OTSC would presumably send a message to Plaintiff's counsel such that the Court would not thereafter be required to adjudicate serial motions to compel arbitration that would otherwise be forthcoming.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury the foregoing is true and correct.

Dated: August 12, 2022
/s/ Lloyd B. Chinn
Lloyd B. Chinn