# EXHIBIT B


Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

Lloyd B. Chinn
Member of the Firm
d +1.212.969.3341
f 212.969.2900
lchinn@proskauer.com
www.proskauer.com

July 29, 2022

***By Email***

Shane Seppinni, Esq.
Seppinni LLP
43 West 43rd St., Ste 256
New York, NY 10036

Re: Everyrealm/Gatsby Frimpong, Kevin Virgil, Kathy Yost, and Teyo Johnson

Dear Mr. Seppinni:

I am in receipt of your July 27th Letter and draft complaint.

At the outset, I note that you apparently do not dispute that your clients improperly misappropriated confidential documents and information from Everyrealm in violation of their common law and contractual duties. Everyrealm accordingly reserves all of its rights to assert after-acquired evidence defenses and pursue other appropriate sanctions on this basis.

As to the requirement that Ms. Yost arbitrate virtually all of her threatened claims against Everyrealm, your letter seems to suggest some misapprehension of this requirement. Ms. Yost is contractually bound to arbitrate, "any dispute or controversy arising out of or relating to any interpretation, construction, performance or breach of [her employment] Agreement." This is a "classically broad" arbitration clause that, by virtue of the phrase "relating to" extends well beyond claims asserted under the Agreement itself, including to statutory claims of discrimination and retaliation. *See, e.g., Kuchinsky v. Curry*, No. 09 Civ. 00299 (DLC), 2009 WL 1492225 (S.D.N.Y. May 28, 2009). You and Ms. Yost are thus on notice that virtually all of her claims are subject to mandatory arbitration.

While there are certain factual assertions in Ms. Yost's draft complaint that are currently being examined, much of the draft complaint is plainly frivolous on its face. Many -- if not all -- of these claims would be dismissed under 12(b)(6), stricken under 12(f), and/or subject you and your client to substantial financial liability in the form of Rule 11 sanctions. Much of the complaint is devoted to allegations having no connection to any legal claim. It is apparent that much of the draft complaint is nothing more than an attempt to embarrass or otherwise pressure Everyrealm to settle. For example:

- Paragraphs 27-30: While the draft complaint names Republic, Republic Operations LLC, Opendeal Inc., or Opendeal Portal LLC as defendants, it makes only the most conclusory assertions that they employed Yost.[1] There is no act specified on the part of any of these entities that could give rise to any legal liability on their part. It is plain that these entities

[1] We do not represent Republic, Republic Operations LLC, Opendeal Inc. or Opendeal Portal LLC.





are named with one purpose only, *i.e.*, to pressure Everyrealm to settle by threatening a shareholder with baseless litigation.



- Paragraphs 75, 77 and 149: Ms. Yost's assertions that Mr. Kerr was under the influence of alcohol at work have no factual or legal relevance to the legal causes of action in Ms. Yost's draft complaint and are only designed to cause embarrassment.

- Claims regarding the "Metaflower Mega Yacht NFT": The draft complaint's references to misconduct in relation to the offering and sale of the "Metaflower Mega Yacht NFT" have no asserted legal significance. These extraneous allegations are plainly intended to do nothing more than cause potential harm to Everyrealm with its investors. As such, these allegations are plainly advanced only for the purpose of pressuring Everyrealm to settle.

- Paragraphs 12-13: Mrs. Yorio's home purchases (including from 2019) have no factual or legal relevance to the legal causes of action in Ms. Yost's draft complaint.

All of these assertions and claims are clearly made for an "improper purpose, such as to harass" under Rule 11, and present "immaterial", "impertinent", and/or "scandalous" allegations under Rule 12(f).

In addition, much of the complaint is devoted to plainly frivolous legal theories:

- Paragraph 39: Any purported claim by Ms. Yost against Everyrealm under Sarbanes-Oxley would be deficient as a matter of law.

- Paragraphs 117-155: Ms. Yost's trivial assertions regarding Mr. Hungate – a mere rank and file employee – have no legal significance and do not support any cognizable legal claim.

- Paragraph 246: The frivolous assertion that outside counsel's demand for Ms. Yost to return Everyrealm's misappropriated materials, and disclosing that she is a party to an arbitration agreement – as established by the cases cited in our letter – are in no way retaliatory actions, and would be quickly disposed under Rule 12(b)(6).





- Equal Pay Act claims under Federal and State Law: These claims are facially deficient as a matter of law and subject to dismissal pursuant to 12(b)(6).

As noted above, this letter is not meant to serve as a formal, comprehensive Answer to Ms. Yost's draft complaint. We will complete our factual review shortly, and we would be willing to discuss the matter with you at that time.

Everyrealm expressly reserves all of its rights.

Very truly yours,

*/s/ Lloyd B. Chinn*

Lloyd B. Chinn