UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHERINE YOST,<br><br>        *Plaintiff,*<br><br>-against-<br><br>EVERYREALM INC., COMPOUND ASSET MANAGEMENT LLC, REALM METAVERSE REAL ESTATE INC., REPUBLIC, REPUBLIC CRYPTO LLC, REPUBLIC REALM MANAGER LLC, REPUBLIC REALM INC., REPUBLIC OPERATIONS LLC, OPENDEAL INC., OPENDEAL PORTAL LLC, JANINE YORIO in her individual and professional capacities, WILLIAM KERR in his individual and professional capacities, and ZACH HUNGATE in his individual and professional capacities.<br><br>        *Defendants.* | Case No. 1:22-CV-06549(PAE)(SLC) |

**REPLY IN SUPPORT OF DEFENDANTS REPUBLIC OPERATIONS LLC, OPENDEAL INC., AND OPENDEAL PORTAL LLC'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT [ECF 55 & 56]**

**POLSINELLI PC**

**Jason T. Weber,** *Lead Counsel*
jweber@polsinelli.com
**Isaac Z. Treadaway**
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*

**TABLE OF CONTENTS**

A. Plaintiff's Response Improperly Introduces New Allegations Outside of the Pleadings ........ 1

B. Even if the Court Were to Consider Plaintiff's Post-Complaint Allegations, They Do Not Cure the Deficiencies in Plaintiff's Claims ....................................................................... 1

  1. Plaintiff's New Reliance On a "Republic" Bank Memo Line Does Not Establish an Employment Relationship with the Non-Employer Defendants .......................................... 2

  2. Plaintiff's Newly Cited Internet Posts Do Not Establish an Employment Relationship with the Non-Employer Defendants ..................................................................... 3

  3. Plaintiff's Self-Serving—and Ineffecive—Declaration Does Not Establish an Employment Relationship with the Non-Employer Defendants .......................................... 4

C. If Plaintiff's Second Amended Complaint Is Not the Epitome of Impermissible Group Pleading, What Is? ............................................................................................................... 5

  1. *Ausco Prod., Inc. v. Axle, Inc.*, No. 19CV-6798, 2020 WL 7028521 (W.D.N.Y. Nov. 30, 2020) .......................................................................................................................... 5

  2. *Hao Zhe Wang v. Verizon Commc'ns Inc.*, No. 19-CV-9506, 2020 WL 5982882 (S.D.N.Y. Oct. 8, 2020) ....................................................................................................... 6

D. Plaintiff Has Abandoned Her IIED Claim Against the Non-Employer Defendants ............... 7

E. Plaintiff Misconstrues the Rationale for the Non-Employer Defendants' Adoption of Everyrealm Inc.'s Arguments in Support of Dismissal of Plaintiff's Sexual Harassment Claims ................................................................................................................................... 8

F. Plaintiff Has Waived Leave to Amend, Disregarded this Court's Instructions, and Made Misrepresentations in the Record ......................................................................................... 9

CONCLUSION ............................................................................................................................ 10

87188443.1

# **TABLE OF AUTHORITIES**

**CASES** Page(s)

*Atl. Neurosurgical Specialists, P.A. v. Multiplan, Inc.*,
  No. 20-CV-10685, 2022 WL 158658 (S.D.N.Y. Jan. 18, 2022) ................................................. 1

*Ausco Prod., Inc. v. Axle, Inc.*,
  No. 19-CV-6798, 2020 WL 7028521 (W.D.N.Y. Nov. 30, 2020) ............................................. 5

*Barnet Marine Inc. v. Laurel D Shipping LLC*,
  No. 21-CV-5071, 2022 WL 3018201 (S.D.N.Y. July 29, 2022) ............................................... 4

*Benzinger v. Lukoil Pan Americas, LLC*,
  447 F. Supp. 3d 99 (S.D.N.Y. 2020) ......................................................................................... 4

*E.E.O.C. v. Thomas Dodge Corp. of N.Y.*,
  524 F. Supp. 2d 227 (E.D.N.Y. 2007) ...................................................................................... 3

*Franklin v. Vertex Global Sols., Inc.*,
  No. 20-CV-10495, 2022 WL 392913 (S.D.N.Y. Feb. 9, 2022) ................................................ 8

*Hao Zhe Wang v. Verizon Commc'ns Inc.*,
  No. 19-CV-9506, 2020 WL 5982882 (S.D.N.Y. Oct. 8, 2020) ................................................. 6

*Holland v. JPMorgan Chase Bank, N.A.*,
  No. 19-CV-00233, 2019 WL 4054834 (S.D.N.Y. Aug. 28, 2019) ............................................ 1

*Juhua Han v. Kuni's Corp.*,
  No. 19-CV-6265, 2020 WL 2614726 (May 22, 2020) ............................................................. 4

*Matter of Gilly*,
  206 F. Supp. 3d 940 (S.D.N.Y. 2016) ....................................................................................... 3

*Murray v. Miner*,
  74 F.3d 402 (2d Cir. 1996) ........................................................................................................ 3

*Pincover v. J.P. Morgan Chase Bank, N.A.*,
  592 F. Supp. 3d 212 (S.D.N.Y. 2022) ....................................................................................... 1

*Rivera v. Balter Sales Co. Inc.*,
  No. 14-CV-1205-LTS, 2014 WL 6784384 (S.D.N.Y. Dec. 1, 2014) ........................................ 8

*Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*,
  No. 03-CV-1730, 2003 WL 22928602 (S.D.N.Y. Dec. 12, 2003) ............................................ 8

*Universal Trading & Inv. Co. v. Tymoshenko*,
  No. 11-CV-7877, 2012 WL 6186471 (S.D.N.Y. Dec. 12, 2012) .............................................. 1

**RULES**

FED. R. CIV. P. 8 ............................................................................................................................... 6

FED. R. CIV. P. 12 ............................................................................................................................. 1

FED. R. CIV. P. 15 ............................................................................................................................. 9

FED. R. CIV. P. 56 ........................................................................................................................... 10

87188443.1

Defendants OpenDeal Inc., Republic Operations LLC, and OpenDeal Portal LLC (collectively "Non-Employer Defendants") file this Reply and would respectfully show as follows:

### A. Plaintiff's Response Improperly Introduces New Allegations Outside of the Pleadings

When adjudicating a motion brought under FED. R. CIV. P. 12(b)(6), a court generally cannot look beyond the face of the pleadings: "In this Circuit, it is 'clear that a plaintiff may not shore up a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss.'" *E.g.*, *Holland v. JPMorgan Chase Bank, N.A.*, No. 19-CV-00233, 2019 WL 4054834, at *5 (S.D.N.Y. Aug. 28, 2019) (J. Engelmayer; (internal quotation omitted)). Even Plaintiff has acknowledged this precept in her previous filings.[1] Nevertheless, Plaintiff's opposition brief attaches two newly executed declarations and asserts approximately 35 new factual allegations that are not alleged in Plaintiff's Second Amended Complaint [Dkt. 35].[2] The Non-Employer Defendants object to each of these new allegations—highlighted in Exhibit 1 for the Court's convenience—which should not be considered by the Court.[3]

### B. Even if the Court Were to Consider Plaintiff's Post-Complaint Allegations, They Do Not Cure the Deficiencies in Plaintiff's Claims

Plaintiff's opposition brief primarily attempts to manufacture an employment relationship with the Non-Employer Defendants through (1) a bank statement memo line that references

---

[1] *See* Pl.'s Opp. Mot. Dismiss, p. 19 [ECF 58] ("In deciding whether to dismiss a claim under Rule 12(b)(6), the court may consider only the facts alleged in the pleadings and matters on which the judge may take judicial notice.").

[2] For the convenience of the Court, a highlighted copy of Plaintiff Katherine Yost's ("Plaintiff") Opposition to Republic Defendants Motion to Dismiss [ECF 34] (the "Response") is attached hereto as Exhibit 1. Each newly asserted allegation—which is not asserted in Plaintiff's live pleading—is highlighted in yellow. *See* Ex. 1.

[3] *E.g.*, *Pincover v. J.P. Morgan Chase Bank, N.A.*, 592 F. Supp. 3d 212, 221 (S.D.N.Y. 2022) ("Factual assertions raised for the first time in a plaintiff's opposition papers, including supporting affidavits and exhibits, are not properly considered by the Court on a motion to dismiss as that would constitute improper reliance on matters outside the pleadings." (internal citations omitted)); *Atl. Neurosurgical Specialists, P.A. v. Multiplan, Inc.*, No. 20-CV-10685, 2022 WL 158658, at *4 (S.D.N.Y. Jan. 18, 2022) ("because facts and allegations raised for the first time in motion papers cannot be used in deciding a motion to dismiss, the facts drawn from Multiplan's and Cigna's websites and referenced for the first time in Atlantic Neuro's opposition to the motions cannot properly be considered when resolving them"). *Universal Trading & Inv. Co. v. Tymoshenko*, No. 11-CV-7877, 2012 WL 6186471, at *1 (S.D.N.Y. Dec. 12, 2012) ("'New facts and allegations, first raised in a Plaintiff's opposition papers, may not be considered' in deciding a motion to dismiss.").

"REPUBLIC C*****;"[4] (2) various internet articles, tweets, and blog posts;[5] and (3) a self-serving—and ineffective—declaration provided by Plaintiff, which states, *inter alia*, "Republic Realm employees were enrolled in the Republic 401k Plan and benefit plans."[6] None of these allegations are asserted in Plaintiff's Second Amended Complaint. Even more problematic, the Non-Employer Defendants are not expressly referenced in—nor linked to—these allegations. Ultimately, regardless of whether these newly asserted allegations are indulged by the Court, they do not establish a direct or indirect employment relationship with the Non-Employer Defendants.

   1. **Plaintiff's New Reliance On a "Republic" Bank Memo Line Does Not Establish an Employment Relationship with the Non-Employer Defendants**

Plaintiff chiefly argues that the memo line on an unauthenticated bank statement—which she frames as the "single dispositive fact"—establishes an employment relationship with the Non-Employer Defendants because the payments came from "REPUBLIC C*****."[7] *First*, Plaintiffs' live pleading is devoid of *any* allegations that she was directly/indirectly paid by the Non-Employer Defendants. Indeed, her live pleading does not even allege that she was directly/indirectly paid by a "Republic" entity. *Second*, Plaintiff's post-complaint allegation that she was paid by "Republic"[8] does not establish payment by the Non-Employer Defendants. Plaintiff conflates Everyrealm Inc. f/k/a Republic Realm Inc., with the Non-Employer Defendants. Again, the Non-Employer Defendants are comprised of OpenDeal Inc., Republic Operations LLC, and OpenDeal Portal LLC. Republic Realm Inc. (n/k/a Everyrealm Inc.)[9] is not a Non-Employer

---

[4] *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, p. 1 [ECF 64].
[5] *See id.* at nn.1–9.
[6] *See* Declaration of K. Yost, ¶ 3 [ECF 65].
[7] *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, p. 1 [ECF 64].
[8] Again, Plaintiff globally defines "Republic" as "a trade name of Defendants Republic Operations LLC, OpenDeal Inc. and OpenDeal Portal LLC, Republic Realm Manager LLC and Republic Crypto LLC, *inter alia* [and] Republic Defendant subsidiaries and affiliates." *See* Pl.'s 2d Am. Compl., ¶ 30 [ECF 35].
[9] *See, e.g.*, Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, n.1 [ECF 64].

2

Defendant.[10] Stated differently, Plaintiff has not alleged that the Non-Employer Defendants operated or controlled this bank account (nor could she). *Third*, Plaintiff cannot credibly contend that the "REPUBLIC C*****" bank memo line establishes payment by every entity that has the term "Republic" in its name. To contend otherwise is nonsensical and would also beg the question why—as of the date of this Reply—Plaintiff has still failed to serve Republic Crypto LLC (now well past 90-days after the inception of this lawsuit).[11]

### 2. Plaintiff's Newly Cited Internet Posts Do Not Establish an Employment Relationship with the Non-Employer Defendants

Plaintiff's new reliance on various tweets and blogposts are no more availing. "It is well settled that the relevant time period for determining whether two companies constitute a single employer is when the alleged discrimination took place." *E.E.O.C. v. Thomas Dodge Corp. of N.Y.*, 524 F. Supp. 2d 227, 239 (E.D.N.Y. 2007); *see also Murray v. Miner*, 74 F.3d 402, 404–05 (2d Cir. 1996) (holding for the single employer policy to apply "the two entities must constitute a single employer at the time the unlawful act was committed."). November 2021 is the earliest date referenced in Plaintiff's Second Amended Complaint.[12] With the exception of one tweet (April 14, 2022), all of the newly cited tweets in Plaintiff's opposition brief were posted between October

---

[10] While not relevant or necessary to adjudicate the Motion, the Non-Employer Defendants recognize that the Court is likely curious about the nature of the Non-Employer Defendants' relationship with Everyrealm Inc. Republic Realm Inc. n/k/a Everyrealm Inc. was merely a subsidiary entity of OpenDeal Inc., and shared OpenDeal Inc. as a parent company with Republic Operations LLC and OpenDeal Portal LLC, until February 4, 2022 at which point these relationships ended.

[11] The Non-Employer Defendants acknowledge that they are constrained from submitting any evidence at the Rule 12(b)(6) stage. If the Court is inclined to indulge a nexus between the "REPUBLIC C*****" bank memo line and the Non-Employer Defendants, the Non-Employer Defendants are prepared to convert their Motion to a Rule 56 motion for summary judgment so that they may submit documents that Everyrealm Inc. recently provided to Plaintiff, which establish that the referenced "REPUBLIC C*****" bank memo line pertains to Republic Realm Inc. n/k/a Everyrealm Inc. In addition, because Plaintiff frames this as a "dispositive fact," and Plaintiff via Plaintiff's counsel has been provided evidence to the contrary, the Non-Employer Defendants contend that Plaintiff's counsel has a separate obligation to bring this fact to the attention of the Court. *See Matter of Gilly*, 206 F. Supp. 3d 940, 944 (S.D.N.Y. 2016) ("Rule 3.3(a)(1) provides that 'a lawyer shall not knowingly make a false statement of fact or law to a tribunal *or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer*.'" (emphasis added) (internal citation omitted)).

[12] *See* Pl.'s 2d Am. Compl., ¶ 50 [ECF 35].

87188443.1

2020 and July 2021—*before* the relevant time period.[13] Plaintiff offers no explanation for how any of these previous tweets establish a direct or indirect employment relationship with the Non-Employer Defendants during the relevant time period—nor can she.[14]

### 3. Plaintiff's Self-Serving—and Ineffective—Declaration Does Not Establish an Employment Relationship with the Non-Employer Defendants

Despite the Motion putting Plaintiff on notice of the pitfalls of impermissible group pleading, Plaintiff's newly executed declaration regurgitates the same global references to "Republic." Not once does Plaintiff expressly reference "OpenDeal" or "Republic Operations," nor does she even define "Republic."[15] As such, none of the allegations asserted in Plaintiff's declaration are tied to the Non-Employer Defendants. For example, Plaintiff fails to articulate how the "Republic 401k Plan and benefits plans" are related to the Non-Employment Defendants (nor could she).[16] Ultimately, even if Plaintiff's post-complaint declaration were considered by the Court, her continued reliance on global references to "Republic" does not advance any of her claims.[17]

---

[13] This April 14, 2022 tweet is no more availing. *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, n.9 [ECF 64]. This tweet—posted by @UrszilaSolar, who has no discernable relance to any of the Defendants—merely shares an article that was posted on February 16, 2021 and later updated on September 14, 2021. *See id.*

[14] *See, e.g.*, *Juhua Han v. Kuni's Corp.*, No. 19-CV-6265, 2020 WL 2614726, at *6–12 (May 22, 2020) (explaining that simply being and/or alleging that an entity is a "wholly owned subsidiary" of a parent company is not enough to hold the parent company liable under the single/joint employer theories of liability); *Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 132–35 (S.D.N.Y. 2020) (J. Engelmayer; refusing to find a single/joint employer relationship between a subsidiary and parent company in deciding summary judgment—even though the subsidiary (direct employer) was a wholly owned subsidiary of the parent company, the subsidiary distributed some of its profits to the parent corporation, and subsidiary employees maintained communications with the parent company).

[15] *See generally* D. of K. Yost [ECF 65].

[16] *See supra* note 11. If the Court is inclined to indulge a nexus between the Plaintiff's reference to the "Republic 401k Plan and benefits plans" and the Non-Employer Defendants, the Non-Employer Defendants are prepared to convert their Motion to a Rule 56 motion for summary judgment so that they may submit documents that Everyrealm Inc. recently provided to Plaintiff, which establish that Plaintiff's 401(k) holdings related to Republic Realm Inc. n/k/a Everyrealm Inc.

[17] *See, e.g.*, *Barnet Marine Inc. v. Laurel D Shipping LLC*, No. 21-CV-5071, 2022 WL 3018201, *5 (S.D.N.Y. July 29, 2022) ("The problem is not that Laurel has presented its evidence in the form of a sworn declaration; the problem is that the declaration is conclusory and lacks sufficient facts for the Court[.]").

## C. If Plaintiff's Second Amended Complaint Is Not the Epitome of Impermissible Group Pleading, What Is?

Plaintiff's opposition brief fails to respond to any of the cases cited by the Non-Employer Defendants. Ignoring this Circuit's clear rebuke of impermissible group pleading, Plaintiff would have this Court conclude that it's permissible to pursue a myriad of claims against 11 corporate defendants, which are lumped into Plaintiff's global definitions of "Everyrealm" and "Republic."[18] Only two cases are cited by Plaintiff in support her claim that group pleading is permissible. Both cases are easily distinguishable:

1. ***Ausco Prod., Inc. v. Axle, Inc.*, No. 19-CV-6798, 2020 WL 7028521 (W.D.N.Y. Nov. 30, 2020)**

Unlike the present lawsuit, *Ausco* only involved three defendants (two corporate defendants and one individual defendant). Furthermore, the court in *Ausco* was careful to explain why the plaintiff had not engaged in impermissible group pleading: "While Plaintiff has referred collectively to "Defendants" in describing the infringing conduct . . . it has explained elsewhere in the Complaint what role each Defendant played in the infringement." *Ausco Prod., Inc.*, 2020 WL 7028521, at *2. Unlike *Ausco*, here (1) there are significantly more defendants (13 defendants);[19] (2) the Non-Employer Defendants are only mentioned in five of the 265 paragraphs (1.8% of the paragraphs) of Plaintiff's live pleading;[20] and (3) Plaintiff has failed to identify each Non-Employer Defendant's role in Plaintiff's alleged wrongful termination/discrimination or their affiliation with Everyrealm Inc.[21]

---

[18] Plaintiff's opposition brief contains only two references to the Non-Employer Defendants: (1) ". . . a wholly owned subsidiary of OpenDeal Inc. dba Republic;" and (2) "[h]ere, Republic Realm was 'a wholly owned subsidiary of OpenDeal Inc., d/b/a Republic.'" *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, pp. 1, 13 [ECF 64].
[19] *See generally* Pl.'s 2d Am. Compl. [ECF 35]; *see also* Def.'s Brief Supp. Mot. Dismiss, n.17 [ECF 56].
[20] *See* Pl.'s 2d Am. Compl., ¶¶ 1, 30, 33, 34, 35 [ECF 35].
[21] *See generally* Pl.'s 2d Am. Compl. [ECF 35].

### 2. *Hao Zhe Wang v. Verizon Commc'ns Inc.*, No. 19-CV-9506, 2020 WL 5982882 (S.D.N.Y. Oct. 8, 2020)

Unlike the present lawsuit, *Wang* involved a *pro se* plaintiff. *See Wang*, 2020 WL 5982882, at *1 ("The Court is obligated to construe *pro se* pleadings liberally[.]"). Furthermore, despite Wang's *pro se* status, the court still rejected his impermissible group pleading:

> Wang's Amended Complaint falls well short of this [Rule 8] standard. Most glaringly, the Amended Complaint fails to make any particularized allegations about the twenty-six (or twenty-seven) different entities named as defendants which it lumps together and refers to collectively as "Verizon." . . . Courts look to a number of facts to determine whether a common enterprise exists, including whether the entities (1) maintain officers and employees in common, (2) operate under common control, (3) share offices, (4) commingle funds, and (5) shared advertising and marketing. Put simply, Wang alleges no facts to support a finding that the entities he names in this lawsuit engaged in a "common enterprise" that would permit group pleading.

*Wang*, 2020 WL 5982882, at *2 (internal citations omitted).

Like *Wang*, Plaintiff has improperly lumped the defendants together and referred to them collectively as "Everyrealm," "Republic," and "Defendants." Similarly, like *Wang*, Plaintiff alleges no facts to support a finding that the Non-Employer Defendants (1) directly employed Plaintiff; or (2) indirectly employed Plaintiff through a single or joint employer theory of vicarious liability. In short, contrary to Plaintiff's insistence that her allegations against the Non-Employer Defendants are pled in "excruciating detail,"[22] she has not—and cannot—tie any of her allegations directly to the Non-Employer Defendants nor would discovery cure this. *See Wang*, 2020 WL 5982882, at *2 ("If anything, Wang's speculation that discovery would reveal facts to support his claims against each Defendant 'underscores, rather than cures, the deficiency in the Complaint.'").

Plaintiff similarly offers no credible rebuttal to the excerpt cited in the Non-Employer's brief (Paragraph 38 of Plaintiff's Second Amended Complaint)—which highlights the absurd

---

[22] *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, p. 7 [ECF 64]. None of the quoted excerpts that Plaintiff cites as examples of "excruciating detail" expressly reference any of the Non-Employer Defendants. *See id.*

result if the Court indulges Plaintiff's group pleading allegations.[23] Instead, she summarily dismisses this excerpt as incorrect: "Defendants have written a new color-coded excerpt that does not appear in the SAC to try and discredit Ms. Yost's cogent and specific pleadings as impermissible group pleading."[24] However, the referenced excerpt is correctly quoted and tracks the precise definitions that Plaintiff has ascribed to "Everyrealm" and "Republic." Either (1) these global definitions uniformly apply to all usage of the terms "Everyrealm" and "Republic;" or (2) the definitions are fluid and left to the speculation of the reader. Neither scenario survives scrutiny under Rule 8.

**D. Plaintiff Has Abandoned Her IIED Claim Against the Non-Employer Defendants**

Plaintiff's opposition brief does not expressly respond to any of the grounds warranting dismissal of her intentional infliction of emotional distress ("IIED") claim against the Non-Employer Defendants. Instead, she merely incorporates, by reference, her opposition brief [ECF 58] to Everyrealm Inc.'s Motion to Dismiss, which states: "After a review of the record, Kathy will pursue IIED claims only against Defendants CEO Yorio and Everyrealm."[25] Because Plaintiff defines "Everyrealm" as 10 different entities,[26] it's unclear whether Plaintiff is representing that she has abandoned her IIED claim against all corporate defendants other than Everyrealm Inc.[27] To the extent that Plaintiff contends her reference to "Everyrealm" includes the Non-Employer Defendants (as she does throughout her live pleading), by failing to expressly respond to the arguments raised in the Motion, she has nevertheless abandoned her IIED claim against the Non-Employer Defendants.

---

[23] *See* Def.'s Mot. Dismiss, pp. 9–10 [ECF 56]; *see also* Pl.'s 2d Am. Compl., ¶¶ 1 n.1, 30, 38 [ECF 35].
[24] *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, p. 7 [ECF 64].
[25] *See* Pl.'s Opp. Defs' Mot. Dismiss, p. 17 [ECF 58]; *see also* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, p. 19 [ECF 64].
[26] *See* Pl.'s 2d Am. Compl., ¶ 1 n.1 [ECF 35].
[27] Plaintiff also does not clarify in her opposition brief that she is no longer pursuing an IIED claim against the Non-Employer Defendants. *See generally* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss [ECF 64].

It is well established that "a plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims." *Rivera v. Balter Sales Co. Inc.*, No. 14-CV-1205-LTS, 2014 WL 6784384, at *1 (S.D.N.Y. Dec. 1, 2014). The Non-Employer Defendants' Motion contends that Plaintiff's IIED claim fails because Plaintiff has not pled (1) any facts against them that would arise to the necessary level of extreme and outrageous conduct; or (2) any basis of vicarious tort liability.[28] Neither argument is addressed by Plaintiff. As such, Plaintiff has abandoned her IIED claim against the Non-Employer Defendants.

### E. Plaintiff Misconstrues the Rationale for the Non-Employer Defendants' Adoption of Everyrealm Inc.'s Arguments in Support of Dismissal of Plaintiff's Sexual Harassment Claims

Multiple courts sitting in this district have allowed co-defendants to adopt each other's arguments by reference. *See, e.g.*, *Franklin v. Vertex Global Sols., Inc.*, No. 20-CV-10495, 2022 WL 392913, *6, n.9 (S.D.N.Y. Feb. 9, 2022) (allowing a defendant to incorporate by reference arguments asserted by a co-defendant); *Sony Fin. Servs., LLC v. Multi Video Group, Ltd.*, No. 03-CV-1730, 2003 WL 22928602, *4 (S.D.N.Y. Dec. 12, 2003) (allowing the defendant to incorporate by reference arguments previously made by the defendant). Adopting the arguments set forth in Everyrealm Inc.'s Motion to Dismiss was simply done in the interest of judicial economy. If Plaintiff's sexual harassment claims against Everyrealm Inc. are dismissed *vis-à-vis* its Motion, it stands to reason that Plaintiff also has no viable basis to pursue such claims against the Non-Employer Defendants. Respectfully, the Non-Employer Defendants did not intentionally attempt to subvert any page limitations.

---

[28] *See* Def.'s Mot. Dismiss, pp. 18–22 [ECF 56].

### F. Plaintiff Has Waived Leave to Amend, Disregarded this Court's Instructions, and Made Misrepresentations in the Record

Rule 3(B) of this Court's Individual Rules and Practices states: "If a motion to dismiss is filed, the plaintiff has a right to amend its pleading pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), within 21 days. <u>If the non-moving party elects to not amend its pleading, no further opportunity to amend will ordinarily be granted, and the motion to dismiss will proceed in the normal course</u>."[29] Plaintiff elected to not amend her pleading and instead challenge the Non-Employers' Motion. As such, Plaintiff has waived leave to amend.

Ignoring this rule, Plaintiff nevertheless argues that if the Court is inclined to grant the Non-Employer Defendant's Motion, it should first allow her an opportunity to amend because her latest amendments were limited in scope by the Court: "Ms. Yost next amended her complaint upon this Court's order <u>solely on the issue of sexual harassment and was careful not to exceed this Court's prescribed scope</u>."[30] While Plaintiff claims that she was careful to limit her second amendment to the issue of sexual harassment, her second amendment also added, *inter alia*, an additional cause of action under the ADA:

| **Pl.'s Opp. Brief [ECF 64]:**[31] | *vs.* | **Pl.'s 2d Am. Comp. [ECF 35]:**[32] |
|---|---|---|
| amend her Complaint as to the involvement of the Republic Defendants. <mark>This Court granted leave to amend regarding sexual harassment claims only.</mark> *See* ECF no. 34 ("The Court further determined that it was appropriate to give Yost an opportunity first to amend the Complaint to assure that it contains all factual allegations bearing on her allegation of sexual harassment."). | | **THIRTEENTH CAUSE OF ACTION**<br><mark>**Discrimination and Retaliation in Violation of the ADA**</mark><br>**(Against Defendants except Mr. Hungate)**<br>261. Plaintiff repeats and re-alleges each allegation in the preceding paragraphs as if set forth fully herein.<br>262. Defendants discriminated against Plaintiff on the basis of her known disability and/or perceived disability in violation of the ADA by, among other things, <mark>subjecting her to a hostile work environment because of her and others' known disabilities</mark>. |

---

[29] *See* Rule 3(B) of Judge Paul A. Engelmayer's Individual Rules and Practices in Civil Cases ("Motions to Dismiss") (last rev. Apr. 2021) (emphasis added).
[30] *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, pp. 16–17 [ECF 64] (emphasis added).
[31] *See id.* at p. 17.
[32] Pl.'s 2d Am. Compl., ¶¶ 261–65 [ECF 35].

Stated differently, Plaintiff (1) acknowledges that the Court only granted her leave to amend her sexual harassment claims; (2) represents that she was careful to not exceed the Court's instructions; but (3) nevertheless proceeded to also (a) add a disability discrimination claim under the ADA; and (b) revise other ancillary allegations in her complaint that have no relation to her sexual harassment claims.[33] If Plaintiff believed it was permissible to simultaneously add a disability discrimination claim at the time of her second amendment, it stands to reason that she would have also determined it was within her liberty to enhance her claims against the Non-Employer Defendants.

Furthermore, leave "to fortify the Complainant's sexual harassment allegations"[34] did not preclude Plaintiff from attempting to enhance any allegations of vicarious liability against the Non-Employer Defendants *vis-à-vis* her sexual harassment allegations. Nevertheless, while Plaintiff took the liberty to simultaneously add a disability discrimination claim, she made no effort to fortify her purported sexual harassment allegations against the Non-Employer Defendants or any theory of a single or joint employer relationship between the Defendants.

## CONCLUSION

For the foregoing reasons, the Non-Employer Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint [ECF 35] should be, in all things, granted. The Non-Employer Defendants further request that the Court grant them all such other relief, in both law and equity, that the Court deems just and proper—consistent with the relief requested in their previous briefing.

---

[33] *See* Ex. 2. For the convenience of the Court, a highlighted copy of Plaintiff's Second Amended Complaint [ECF 35] is attached hereto as Exhibit 2. New additions are highlighted in red and revised additions are highlighted in blue. Exhibits 1 & 2 are offered solely for the convenience of the Court. By attaching this material, the Non-Employer Defendants are in no way attempting to convert their Motion to a dispositive motion brought under FED. R. CIV. P. 56.
[34] *See* Order, p. 2 [ECF 34].

Dated: December 7, 2022
Dallas, Texas

Respectfully submitted,

**POLSINELLI PC**

*/s/ Jason T. Weber*
**Jason T. Weber,** *Lead Counsel*
*admitted pro hac vice* [ECF 54]
jweber@polsinelli.com
**Isaac Z. Treadaway**
*pro hac vice* motion pending
itreadaway@polsinelli.com
2950 N. Harwood Street, Suite 2100
Dallas, Texas 75201
Telephone: (214) 397-0030
Facsimile: (214) 292-9487

*Attorneys for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*

11

87188443.1