

2950 N. Harwood Street, Ste. 2100, Dallas, TX 75201  •  (214) 397-0030

**Jason T. Weber**
214.754.5741 *direct*
jweber@polsinelli.com

*Board Certified in Labor & Employment Law,
Texas Board of Legal Specialization*

March 24, 2023

Hon. Paul A. Engelmayer                                                                                                **Via eFile**
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *Katherine Yost v. Everyrealm et al.*, Case No. 1:22-cv-06549(PAE)(SLC); Non-Employer Defendants' Response to Opinion & Order [ECF 90].

Dear Judge Engelmayer:

      Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC (collectively, the "Non-Employer Defendants") submit this letter brief in response to the Court's Opinion & Order [ECF 90] that was issued on February 24, 2023 (the "Order").

      Pursuant to the Order, the Court directed counsel for the Parties to file supplemental briefing on three issues: (1) which arbitration agreement controls, and why; (2) whether Plaintiff's claims against the Non-Employer Defendants fall within the scope of the governing arbitration agreement; and, if so, whether the Non-Employer Defendants are moving to compel arbitration of these claims; and (3) whether it would be unconscionable to apply a cost-shifting provision to Plaintiff in arbitration; and, if so, what is the proper remedy?

      The Non-Employer Defendants are not parties to any arbitration agreement with Plaintiff nor are they seeking to compel the arbitration of any claims that Plaintiff has brought against them. Consequently, because the Non-Employer Defendants will not be participants in the contemplated arbitration, this letter brief is limited to addressing <u>Issue No. 2</u> (including proceeding with adjudicating their pending Motion to Dismiss), and the Non-Employer Defendants defer to the Everyrealm Defendants on <u>Issue Nos. 1 and 3</u>.

## ISSUE NO. 2

**Question 1:** *Do Plaintiff's claims against the Non-Employer Defendants fall within the scope of the governing arbitration agreement?*

      <u>Yes</u>. Plaintiff entered into multiple valid and binding arbitration agreements with Defendant Republic Realm Inc. (n/k/a Everyrealm Inc.). This Court has already held that

polsinelli.com

Atlanta   Boston   Chicago   Dallas   Denver   Houston   Kansas City   Los Angeles   Miami   Nashville   New York
Phoenix   St. Louis   San Francisco   Seattle   Silicon Valley   Washington, D.C.   Wilmington
Polsinelli PC, Polsinelli LLP in California

88763554.2

Plaintiff's "remaining claims against the Everyrealm defendants all fall within the scope of her arbitration agreements with Everyrealm."[1] It is inconsequential that the Non-Employer Defendants are not signatories to these arbitration agreements. The Second Circuit, and this District, have repeatedly held that non-signatories to an arbitration agreement are afforded the right to arbitration when (1) the plaintiff asserts similar claims against a signatory and non-signatory, and (2) the signatory and non-signatory shared a close relationship.[2]

Here, the subject-matter of the remaining claims brought against the signatory of the arbitration agreements (*i.e.*, Everyrealm Inc.) and the non-signatories (*i.e.*, the Non-Employer Defendants) are not just intertwined—*the claims asserted against them are facially identical*. In addition, Plaintiff's pursuit of claims against the Non-Employer Defendants is premised on the threadbare recital that "Republic[[3]], Republic Realm, and Everyrealm are one-and-the-same."[4] Stated differently, Plaintiff's argument (even if misplaced) that there is a close relationship between all defendants bolsters the Non-Employer Defendants' standing to compel the arbitration of all claims that Plaintiff has brought against them.[5]

**Question 2:** *Are the Non-Employer Defendants moving to compel arbitration of these claims?*

No. Neither Plaintiff nor the Non-Employer Defendants have sought to compel the arbitration of Plaintiff's claims against the Non-Employer Defendants (notwithstanding the Employer Defendants' right to do so).[6] In analogous scenarios where a segment of the plaintiff's claims were not compelled to arbitration, courts have exercised their discretion and adjudicated the remaining claims under Rule 12(b)(6) before staying the remainder of the case.[7] This Court should also do so here.

---

[1] *See* Opinion & Order, p. 3 [ECF 90].
[2] *See e.g.*, *JLM Indus., Inc. v. Stolt-Nielsen SA*, 387 F.3d 163, 177 (2d Cir. 2004) (allowing a non-signatory to compel arbitration and noting that under Second Circuit precedent "[a] party attempting to resist arbitration [is] estopped from doing so [when it has] treated [ ] non-signatory companies and their signatory assignees 'as a single unit' in its complaint in a related lawsuit."); *Camferdam v. Ernst & Young Intern. Inc.*, No. 02-CV-307292, 2004 WL 307292, at *7 (S.D.N.Y. Feb. 13, 2004) (explaining "[i]f this Court were to force the [non-signatory defendants] to engage in litigation on the very same issues that will be arbitrated by the Plaintiffs and the [signatory defendants], the arbitration proceedings between the two signatories would be rendered meaningless and the federal policy in favor of arbitration effectively thwarted.") (internal quotations omitted)); *Bankers Conseco Life Ins. Co. v. Feuer*, No. 16-CV-7646, 2018 WL 1353279, at *6 (S.D.N.Y. Mar. 15, 2018).
[3] *See* Pl.'s 2d Am. Compl., ¶ 30 [ECF 35] (defining "Republic" as "a trade name of Defendants Republic Operations, LLC Opendeal Inc., and Opendeal Portal LLC [and others] . . . .").
[4] *See* Pl.'s Opp. Non-Employer Defs.' Mot. Dismiss, p. 2 [ECF 64].
[5] *See, e.g.*, *Ross v. Am. Express Co.*, 547 F.3d 137, 144 (2d Cir. 2008) (finding that a sufficiently close relationship exists when the non-signatory has a "corporate relationship to a signatory party."); *Medidata Sols., Inc. v. Veeva Sys., Inc.,* 748 Fed. App'x 363, 363–64 (2d Cir. 2018) (finding a sufficiently close relationship when "the plaintiffs themselves treated the signatory and non-signatory corporate affiliates as at least somewhat interchangeable with respect to the plaintiffs' rights and responsibilities under the relevant contract.").
[6] In the interest of judicial economy, the Non-Employer Defendants contend that it would only be appropriate to revisit a stay of Plaintiff's claims if any such claims survive dismissal under FED. R. CIV. P. 12(b)(6).
[7] *See, e.g.*, *Keystone Food Holdings Ltd. v. Tyson Food, Inc.*, 492 F. Supp. 3d 134, 149 & 150–53 (S.D.N.Y. 2020) (compelling arbitration of arbitrable claims and dismissing non-arbitrable claims under Rule 12(b)(6)); *Nichols v. Washington State Mut. Bank*, No. 07-CV-3212, 2007 WL 4198252, at *4–9 (E.D.N.Y. Nov. 21, 2007) (compelling arbitration and dismissing claims against defendants who were not subject to arbitration under Rule 12(b)(6)).

In the interest of candor to this Court, this same argument was advanced in the pending companion lawsuit: *Frimpong v. Everyrealm Inc., et al.*, Cause No. 1:22-CV-10487 ("*Frimpong*"). There, Judge Lehrburger elected to stay all non-arbitrable claims pending the arbitration of arbitrable claims,[8] rather than first adjudicating the Non-Employer Defendants' pending motion to dismiss.[9] While Judge Lehrburger exercised the Court's discretion to do so, the circumstances surrounding His Honor's rationale are distinguishable from this case. Specifically:

- Unlike *Frimpong* (where no response or reply brief had yet been filed), the Non-Employer Defendants' pending Motion to Dismiss has been fully briefed by the Parties.[10] Adjudicating this pending motion will require no additional submissions.

- Unlike *Frimpong* (where Judge Lehrburger noted that it was conceivable the plaintiff would have an opportunity to amend his original complaint),[11] it is not conceivable that Plaintiff would be given a third opportunity to amend her Second Amended Complaint. Plaintiff also waived this right under Rule 3(B) of this Court's Individual Rules.[12]

- Unlike *Frimpong* (which sought dismissal of, *inter alia*, the plaintiff's sexual harassment and IIED claims), Plaintiff's sexual harassment claims have already been dismissed[13] and Plaintiff has abandoned her IIED claim against the Non-Employer Defendants.[14] The Non-Employer Defendants' pending Motion to Dismiss is effectively now limited to adjudicating whether Plaintiff has pled any viable basis for imputing liability on the Non-Employer Defendants. Stated differently, the Court need not assess whether Plaintiff's underlying claims are viable—only whether Plaintiff has alleged facially viable claims against the Non-Employer Defendants. As such, there is no risk of inconsistent determinations in this action and arbitration. Were this Court to conclude that Plaintiff has (1) engaged in impermissible group pleading; or (2) failed to allege a direct, single, or joint employment relationship between the Non-Employer Defendants and Everyrealm Inc., it would have no impact on the arbitration.

In short, Plaintiff has relentlessly pursued claims against the Non-Employer Defendants who have no place (and no liability) in this action. The Non-Employer Defendants deserve and respectfully request finality. Therefore, the Non-Employer Defendants respectfully request that the Court proceed with adjudicating their pending Motion to Dismiss based on the pleadings that are currently on file (Plaintiff waived the right to brief this issue)[15] and grant them all other relief, in both law and equity, that the Court deems just and proper.

---

[8] While Plaintiff's counsel insists that arbitration would be unconscionable, Plaintiff's counsel has agreed to arbitration in *Frimpong*—which involves the same arbitration agreements, attorneys, arbitration tribunal, and arbitration rules.
[9] See *Frimpong*, Order, pp. 2–3 [ECF 45].
[10] *See* Non-Employer Defs.' Mot. Dismiss [ECF 56]; Pl.'s Resp. to Non-Employer Defs.' Mot. to Dismiss [ECF 64]; Non-Employer Defs.' Reply Supp. Mot. Dismiss [ECF 72].
[11] *See Frimpong*, Order, p. 2 [ECF 45].
[12] *See* Non-Employer Defs.' Reply, p. 9 & n.29 [ECF 72] (discussing Plaintiff's waiver under Local Rule 3(B)).
[13] *See* Opinion & Order, p. 3 [ECF 90].
[14] Non-Employer Defs.' Reply Supp. Mot. Dismiss, pp. 7–8 [ECF 72]; Pl.'s Resp. Everyrealm's Mot. Dismiss, p. 7 [ECF 72] ("Kathy will only pursue IED claims only against Defendants CEO Yorio and Everyrealm.").
[15] The Order required Plaintiff to brief this issue by March 10, 2023. No such brief was submitted by Plaintiff on this issue and the Order made clear that no reply briefs would be entertained. *See* Opinion & Order, p. 44 [ECF 90].

Hon. Paul A. Engelmayer
March 24, 2023
Page 4

                Respectfully submitted,

                Jason T. Weber
                *Counsel for Defendants Republic Operations LLC, OpenDeal Inc., and OpenDeal Portal LLC*

JTW:kc

88763554.2