UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------ X
KATHERINE YOST,                      :
                                     :
                   Plaintiff,        :
                                     :
   -against-                         :   Case No. 1:22-cv-06549(PAE)(SLC)
                                     :
                                     :
EVERYREALM INC., COMPOUND ASSET      :
MANAGEMENT LLC, REALM METAVERSE      :   **DECLARATION OF**
REAL ESTATE INC., REPUBLIC, REPUBLIC :   **LLOYD B. CHINN**
CRYPTO LLC, REPUBLIC REALM MANAGER   :
LLC, REPUBLIC REALM INC., REPUBLIC   :
OPERATIONS LLC, OPENDEAL INC.,       :
OPENDEAL PORTAL LLC, JANINE YORIO in :
her individual and professional capacities, :
WILLIAM KERR in his individual and   :
professional capacities, and ZACH HUNGATE in :
his individual and professional capacities. :
                                     :
                   Defendants.       :
------------------------------------ X

    I, LLOYD B. CHINN, pursuant to 28 U.S.C. § 1746, affirm as follows:

    1.    I am a Partner with Proskauer Rose, LLP, attorneys for Defendants Everyrealm Inc. (f/k/a Republic Realm Inc.), Janine Yorio, William Kerr, and Zach Hungate (collectively "the Everyrealm Defendants"). I am fully familiar with the facts and circumstances recited herein.

    2.    I submit this Declaration in support of the Everyrealm Defendants' Reply in Support of Defendants' Order to Show Cause to Compel Arbitration in this case.

    3.    On October 6, 2022, following this Court's Order, I sent an email to the American Arbitration Association ("the AAA") stating – "[B]ased on a court conference today in the Yost and Johnson pending court cases, no action is to be taken by the AAA as to those Respondents

until the completion of further proceedings before the Court and the rendering of a decision by the Court as to the propriety of arbitration as to these two individuals."

4. A true and correct copy of my October 6, 2022 email is attached hereto as Exhibit A.

5. In response to my October 6, 2022 email, on October 11, 2022, the AAA wrote, "This will confirm that the claims against Respondents Jost [sic] and Johnson have been stayed in accordance with the court's [sic] instructions."

6. A true and correct copy of the email from the AAA is attached hereto as Exhibit B.

7. Following Counsel for Yost, Shane Seppinni's, failure to timely rank/strike the list of arbitrators promulgated by the AAA, Counsel for the Everyrealm Claimants engaged in a multi-day colloquy with Mr. Seppinni regarding his clients' waiver.

8. At no point during the email exchange did any individual ever reference Katherine Yost or her purported inability to rank/strike arbitrators.

9. A true and correct copy of the email correspondence described in paragraphs 7–8 is attached hereto as Exhibit C.

10. On December 8, 2022, via Counsel, the parties attended an initial case management conference with the appointed arbitrator.

11. My first substantive remark to the Arbitrator was that this Court held the arbitration could not move forward with respect to Johnson or Yost, but there was no such stay as to the non-Yost/Johnson respondents.

12. The next question from the arbitrator came in response to the Everyrealm Defendants previously having filed two separate Statements of Claim against the non-

Yost/Johnson respondents.

13. Specifically, the Arbitrator inquired whether the parties viewed the pending arbitration as to the non-Yost/Johnson respondents as consolidated or as separate proceedings.

14. I explained that the two separate statements of claim were submitted in order to clearly articulate the facts and claims against each respective respondent, and proffered that the arbitration should proceed as one given the overlap in the non-Yost/Johnson respondents' employment, timing, and threatened claims.

15. Counsel for Yost replied, "I agree with most of what Mr. Chinn said," with the caveat that he did not understand how the arbitrations against the non-Yost/Johnson respondents could proceed "when they rely on facts in Yost and Johnson."

16. The Scheduling Order issued by the Arbitrator expressly references that opposing counsel appeared only on behalf of the non-Yost/Johnson respondents – not Yost.

17. A true and correct copy of the aforementioned Scheduling Order is attached hereto as Exhibit D.

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury the foregoing is true and correct.

Dated: March 24, 2023                                    /s/ Lloyd B. Chinn
                                                         Lloyd B. Chinn